[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant seeks court review of the reassessment of real CT Page 1554 property located in the town of Madison subsequent to the ten-year re-evaluation process of 1990. The property in question consists of two separate parcels which are used as a single home site, 11 Parker Lane, being shore front property, and Lot 44 being rear land separated from the shore property by a private road.
The 11 Parker Lane property consists of a summer cottage on a 50 X 100 foot lot, with 50 feet fronting on Long Island Sound. The town appraisal sets its market value on October 1, 1990 at $575,000, while the appellant's appraiser found the market value to be $440,000. After an examination of the appraisals and the sales comparables utilized by both appraisers, the court concludes that the town's appraisal more reasonably reflects the market value on October 1, 1990 and finds $575,000 to be the market value of the subject property on the reassessment date.
The rear parcel presents what has become a recurring problem in hearing tax appeals from the town of Madison where vacant lots of nonconforming zoning status are at issue. In these instances, the appellant argues the lot cannot be developed while the town replies that variances can be sought. The comparable sales presented to the court are of limited value because of the unanswered question as to the parcel's development capability. Obviously, in the instant case, this parcel has an enhancing effort on the shore front cottage adjacent to it. And, long range, maybe the town should be addressing the status of such parcels with an eye to granting low assessments in return for development waivers. However, that is not this court' function.
It is the conclusion of the court that the October 1, 1990 market value of this parcel, Lot 44, should be set at $60,000.
Anthony V DeMayo Judge Trial Referee